# In the United States District Court
# for the Southern District of Georgia
# Waycross Division

EDDY SIDNEY,

    Plaintiff,

vs.

FLASH FOODS INC.,

    Defendant.

CV 513-74

### ORDER

Plaintiff Eddy Sidney commenced this employment discrimination action pursuant to 42 U.S.C. § 2000e-5, alleging that Defendant Flash Foods Inc. discriminated against Sidney based on his race and national origin when the convenience store chain fired him. Since initiating this claim, Plaintiff, who is proceeding *pro se*, has done little else to make his case. He has not provided any evidence of discrimination beyond his own allegations. Furthermore, he failed to respond to Defendant's interrogatories and requests for admissions. While he did subject himself to Defendant's deposition, his testimony at that deposition strengthened Defendant's case for summary judgment. The Defendant's motion for summary judgment (Dkt. no. 22) is

presently before the Court, along with its motion for dismissal based on Plaintiff's failure to participate in discovery (Dkt. no. 16). In light of the evidence presented by Plaintiff and admitted in his deposition, Defendant's motion for summary judgment (Dkt. no. 22) is **GRANTED**. As such, its motion for dismissal (Dkt. no. 21) is **DENIED** as moot, and its request for attorney's fees is **DENIED** for reasons stated herein.

I.  Background[1]

This case arises from Defendant's alleged discriminatory termination of Plaintiff from his employment as a cashier at one of Defendant's convenience stores in Ocilla, Georgia. Dkt. no. 1, ¶¶ 10-11.

Plaintiff alleges in his complaint that his store manager, Torris Jordan, removed Plaintiff from the work schedule on May 10, 2013, because money was missing from Plaintiff's cash register. Id. at ¶ 10. Plaintiff also claims that two other employees, both of them white women, also had money missing from their cash registers, but that they were not terminated from employment. Id. Instead, Plaintiff says these women were given the opportunity to repay the missing funds from their paychecks.

---

[1] Usually the Court would rely on Plaintiff's presentation of the facts in summarizing the background of the case at the summary judgment stage. Here, Plaintiff has offered scant details in his complaint (Dkt. no. 1), so the Court supplements these facts with the admissions he made at his own deposition, as presented by Defendant (Dkt. no. 24-4). Nevertheless, the Court views all facts in the light most favorable to the Plaintiff for purposes of analyzing the motion for summary judgment.

2

Id. Plaintiff, who is black and originally from Haiti, claims he was treated differently than these women because of his race and national origin. Dkt. no. 1, p. 11.

After being removed from the schedule, Plaintiff was told he would have to meet with Area Manager Dianne LaSalle to discuss his shortcomings in keeping his register before he would be placed back on the schedule. Dkt. no. 22-4, 57:5-24; Dkt. no. 1, ¶ 4. Plaintiff claims he tried to speak with LaSalle on two occasions. Dkt. no. 1, ¶ 4. The first scheduled meeting was canceled due to a complication in Ms. LaSalle's schedule. Dkt. no. 22-4, p. 61:18-24. When Plaintiff called her at home around 9:00 on a Saturday evening to reschedule, Ms. LaSalle asked him not to call her at home that late again. Id. at 62:1-63:3. After that conversation, Plaintiff did not make any further efforts to speak with Ms. Lasalle. Id. at 63:1-20. Plaintiff was terminated from employment two months after being removed from the work schedule.

## II. Discussion

### a. Summary Judgment Standard

Summary judgment "shall" be granted if "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the

3

case. An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Harrison v. Culliver, No. 11-14864, 2014 WL 1304010, at *5 (11th Cir. Apr. 2, 2014) (quoting Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004)).

To avoid summary judgment, the plaintiff must provide evidence demonstrating that specific facts exist that raise genuine issues for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322.

### b. Defendant's Motion for Summary Judgment

Title VII of the Civil Rights Act makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). "A plaintiff may prove a claim of intentional discrimination through direct evidence, circumstantial evidence, or statistical proof." Alvarez v. Royal Atl. Developers, Inc.,

AO 72A
(Rev. 8/82)

610 F.3d 1253, 1264 (11th Cir. 2010) (quoting Rioux v. City of Atlanta, 520 F.3d 1269, 1264 (11th Cir. 2008)).

Plaintiff has not offered any direct or statistical evidence showing that Defendant fired him for being black or Haitian. He has, though, alleged that he was treated differently than similarly situated employees who were not black or Haitian and that this circumstantial evidence shows he was fired for discriminatory reasons.

Discrimination claims supported by circumstantial evidence are evaluated under a particular burden-shifting framework established by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973) and Texas Department of Community Affairs v. Burdine, 450 U.S. 248 (1981). Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1087 (11th Cir. 2004). "Under this framework, the plaintiff first has the burden of establishing a prima facie case of discrimination, which creates a rebuttable presumption that the employer acted illegally." Id. The plaintiff can meet this burden by showing that he is a qualified member of a protected class who was treated adversely and differently in his employment than similarly situated employees outside of the protected class. Id. The similarly situated employee, known as a "comparator," must be similarly situated "in all relevant respects," and must be "nearly identical to the plaintiff to prevent courts from second-

guessing a reasonable decision by the employer." Id. at 1091. While a plaintiff's failure to properly identify a comparator does not automatically result in summary judgment, summary judgment "is appropriate where no other evidence of discrimination is present." Id. at 1091-92.

If the plaintiff meets this burden, then there is a presumption that the employer acted illegally, which the employer may rebut by articulating a legitimate, nondiscriminatory reason for its actions. Id. If the employer satisfies this burden, then the burden shifts back to the plaintiff, who must show that the defendant's proffered reasons for its actions are simply a pretext for discrimination. Id. While the burden of production may shift back and forth between the plaintiff and defendant, it is the plaintiff who ultimately bears the burden of showing that the defendant intentionally discriminated against him. Id. (quoting Texas Dep't. of Cmty. Affairs v. Burdine, 450 U.S. 248, 256 (1981)).

Here, Defendant claims it is entitled to summary judgment for two reasons: First, Defendant claims Plaintiff has failed to show that he was treated differently than similarly situated employees who were not black or Haitian. Second, Defendant argues that even if he did make such a showing, the Defendant has shown that it had a legitimate, nondiscriminatory reason for

firing the Plaintiff. The Court will address each argument in turn.

Under McDonnell Douglas / Burdine's shifting burden standard, Plaintiff must initially show that he was a qualified member of a protected class who was treated differently and adversely from other similarly situated employees outside of that protected class. In his complaint, Plaintiff alleges that two other employees, both white women, also had money missing from their registers during their employment. Instead of firing these women, Plaintiff claims Defendant gave them the opportunity to pay back the missing money from their paychecks until the money was paid back in full. Dkt. no. 1, ¶ 10.

Defendant presented evidence that the women Plaintiff points to as comparators are not in fact similarly situated to Plaintiff for two reasons, and thus Plaintiff cannot point to them to satisfy his initial burden. Dkt. no. 22, pp. 11-12. First, Defendant says that the two women Plaintiff alludes to in his complaint are not comparable to him because, unlike the Plaintiff, neither of them (identified by Defendant as Sanderford and Scott but not mentioned by name by Plaintiff) actually lost any money, but had simply recorded their transactions incorrectly. Id. Second, Defendant says that one of these women (Scott), is actually black. Even though Plaintiff alleges he was treated differently than two white employees,

7

Defendant points to Plaintiff's deposition to establish that one of the women is black.

The problem with Plaintiff's allegation is that he never presents any evidence identifying these two comparators.[2] While Defendant suggests that these women are in fact Sanderford and Scott, Plaintiff never explicitly confirms these identities. At best, Plaintiff tacitly concedes Defendant's suggested identification at Plaintiff's deposition.[3]

---

[2] More than four months after Defendant filed its motion for summary judgment (Dkt. no. 22), Plaintiff filed a motion to present evidence (Dkt. no. 35) containing letters from two women claiming to have been employed at the Ocilla Flash Foods store at the same time as defendant. These letters allege that Plaintiff was terminated from his position due to cash shortages at his register while other white employees were not terminated after committing the same offense. The Court will not consider this evidence in its analysis because the motion is untimely and not properly filed. See Dkt. no. 36 (Notice of Filing Deficiency re: Dkt. no. 35). But even if these letters were considered, the Court would still grant Defendant's motion for summary judgment because the letters also fail to name the alleged white comparators.

[3] The relevant portion of Plaintiff's deposition reads:

> Q: Now, you mentioned in one of your papers that you thought there were two other cashiers that had shortages that you thought didn't get fired.
> A: Exactly.
> Q: Now, Ms. Sandra Scott, black female, she had shortages, didn't she?
> A: I think she does.
> Q: And she is black, right?
> A: Yes, sir.
> Q: And she never got fired? She's still working there?
> A: Yes, sir.
> Q: All right.

Dkt. no. 22-4, p. 70. While the implication that Plaintiff referred to Ms. Scott as one of the comparators in his complaint is quite strong given this back-and-forth, the deposition could be read in such a way to suggest that Plaintiff had referenced two other women in his complaint, and now the Defendant is asking him about a third woman, Ms. Scott. Without an explicit connection between the women in Plaintiff's complaint and this discussion regarding Ms. Scott, the Court cannot, in reading the record in a light most favorable to Plaintiff, assume that Ms. Scott is one of the women identified by Plaintiff in his complaint. The point remains, however, that Plaintiff has never named any comparators, black or white.

Plaintiff's failure to present adequate evidence to support his claim has left the record ambiguous as to the identities of his alleged comparators. Plaintiff has not established his prima face case under the McDonnell Douglas / Burdine analysis, and the Court is required to grant Defendant's motion for summary judgment. See Wilson, 376 F.3d at 1087 (noting that a plaintiff can establish his prima facie case by showing that he was a qualified member of a protected class that was treated differently to similarly situated employees outside the protected class). Without knowing the identities of Plaintiff's alleged comparators, the Court cannot determine whether those comparators are in fact similarly situated to Plaintiff (or whether they actually exist in the first place). See Id. at 1091. While failure to identify a comparator does not require summary judgment on its own, summary judgment is nevertheless appropriate here because Plaintiff failed to present any other evidence of discrimination. See Id. at 1091.

Plaintiff's failure to establish his prima facie case under the McDonnell Douglas / Burdine analysis alone is a sufficient reason to grant summary judgment. However, Defendant also argues that it is entitled to summary judgment because it has shown legitimate, nondiscriminatory reasons for its decision to fire Plaintiff. The Court notes that even if it had assumed Plaintiff met that initial burden and proceeded with the analysis, the

9

Court would have granted summary judgment on this ground as well.

An assumption that Plaintiff has established his prima facie case creates a presumption that the employer acted illegally, which the employer may rebut by articulating a legitimate, nondiscriminatory reason for its actions. Wilson, 376 F.3d at 1087. Here, Defendant offers at least two legitimate, nondiscriminatory reasons to terminate Plaintiff, including Plaintiff's repeated cash shortages and his failure to meet with Ms. LaSalle to discuss his unsatisfactory performance. Dkt. no. 22, pp. 8-9.

In his deposition, Plaintiff admits both of these shortcomings in his job performance. When asked about the shortages in his register, Plaintiff admitted that in his four months of employment at Flash Foods, he may have had as many as four shortages of as much as $50. Dkt. no 22-4, p. 3. He also admitted that after being taken off the schedule and told he must speak with Ms. LaSalle before returning to work, he never did so. Id. at 4-5. While their first meeting was canceled because of a complication with Ms. LaSalle's schedule, Plaintiff admits that he only tried once to reschedule by calling her at home late on a Saturday evening. Id. While that conversation did not end with a rescheduled meeting, Plaintiff did not try to

10

contact Ms. LaSalle again to reschedule, even though he admitted in his deposition that he knew he could have. Id. at 6.

Thus, Defendant has shown legitimate business reasons to terminate Plaintiff's employment. Plaintiff does not contest that those reasons existed (in fact, he concedes they existed in his deposition), and has failed to argue that they are not, in fact, legitimate reasons for his termination.

With the Defendant having met its burden to show a legitimate business reason for the termination, the burden under the McDonnell Douglas / Burdine analysis shifts back to Plaintiff, who must show that the legitimate, non-discriminatory reasons offered by Defendant for Plaintiff's termination are a pretext for a discriminatory termination. Wilson, 376 F.3d at 1087. Plaintiff has not attempted to make that showing. Thus, Defendant has shown through undisputed facts in the record that it is entitled to summary judgment as a matter of law.

### c. Defendant's Rule 37 Motion

Defendant's motion to dismiss for Plaintiff's failure to respond to Defendant's properly served interrogatories and failure to make required initial disclosures is **DENIED** as moot.

Defendant's Rule 37 motion also seeks an award of costs and attorney's fees from Plaintiff attributable to the cost of that motion. Defendant's request for attorney's fees is understandable—after filing the complaint, Plaintiff has done

11

practically nothing to promote his case or respond to Defendant's discovery requests, except to show up for his own deposition.

A court "may" award expenses as a sanction for failure to disclose. FED. R. CIV. P. 37(c)(1)(A). The default sanction is exclusion of the evidence or witness a party fails to disclose. Id. at (c)(1).

Here, Plaintiff did not put much effort into making his claim, and his untimely and improperly admitted witness statements have not factored into this analysis. As such, Defendant was not prejudiced by Plaintiff's failure to disclose. Furthermore, the Court takes note of Plaintiff's *pro se* status. While *pro se* litigants are subject to the same rules and laws as those litigants represented by counsel, see Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), this particular *pro se* plaintiff's representations to the Court[4] suggest that his failure to actively participate in discovery stems from his ignorance of the litigation process, and was not motivated by bad faith or willful disregard of the rules. See Hayles v. Smith, 6:10-CV-31, 2013 WL 5574464, at *4 (S.D. Ga. Oct. 9, 2013) ("Although a lack of bad faith or willful disregard of the rules does not preclude awarding expenses, their absence is

---

[4] Plaintiff's filings before the Court amount to letters containing admissions that he did not understand Defendant's Rule 26 requests (Dkt. no. 18) and general assertions that he was discriminated against (Dkt. no. 26).

relevant to the path which the . . . Court might follow in dealing with [plaintiff's] failure to comply.") (quoting Societe Internationale v. Rogers, 657 U.S. 197, 208 (1958)). Because Plaintiff's failure to comply did not overly prejudice Defendant, Defendant's request for expenses is denied.

**III. Conclusion**

For the reasons stated above, Defendant's motion for Summary Judgment (Dkt. no. 22) is **GRANTED,** and its motion for Dismissal (Dkt. no 16) is **DENIED** as moot. The Clerk of Court is instructed to close the case.

**SO ORDERED,** this 10TH day of September, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA